858

Argued and submitted February 24, McKay High School, Salem, affirmed June 17, 2015

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

ADRIAN ENE,
*Defendant-Respondent.*

Lincoln County Circuit Court
122975; A154884

353 P3d 597

Anna M. Joyce, Solicitor General, argued the cause for appellant. With her on the brief was Ellen F. Rosenblum, Attorney General.

Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for respondent. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

In this criminal case, one of three related cases that we decide today, *see State v. Paskar*, 271 Or App 826, 352 P3d 1279 (2015); *State v. Anton*, 271 Or App 860, 353 P3d 596 (2015), the state appeals from the trial court's order granting defendant's pretrial motion to suppress evidence. ORS 138.060(1)(c). State police troopers discovered the evidence during an encounter with defendant and his codefendants, Paskar and Anton, that took place 28 miles offshore from Newport while the three men were fishing. We agree with the trial court that the troopers seized defendant in violation of Article I, section 9, of the Oregon Constitution when they announced that they would inspect all three codefendants' halibut tags. Accordingly, we affirm.

The relevant facts and the parties' arguments are set out in *Paskar*, 271 Or App at 828-34. Defendant was charged with two counts of violating sport fishing regulations with a criminally negligent mental state.[1] After a joint hearing on the three codefendants' motions to suppress, the trial court granted defendant's motion. As we explained in *Paskar*, 271 Or App at 839, "[Paskar] was seized when Canfield announced that the troopers would inspect the men's halibut tags and told them to get their tags out for the inspection." The same is true of defendant.

The state concedes that if, as we have concluded, defendant was seized before the troopers saw his halibut tag, the seizure was not supported by reasonable suspicion. We agree and accept that concession.

Before the trial court, defendant contended that the evidence was obtained through exploitation of the unlawful seizure. The trial court agreed. The state did not argue or attempt to show that the evidence was not obtained through exploitation of any preceding illegality. Likewise, on appeal, the state does not raise that issue. Accordingly, the trial court did not err in granting defendant's motion to suppress the evidence.

Affirmed.

---

[1] Defendant was charged with unlawful failure to validate harvest card and unlawful possession of canary rockfish. ORS 498.002; OAR 635-011-0100 (1/1/12).